IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


RIGOBERTO VALDEZ-VILLANUEVA      §
    #38519-177

VS.      §      CIVIL ACTION NO. 4:13cv541
     CRIMINAL ACTION NO. 4:08cr225(2)


UNITED STATES OF AMERICA      §

## REPORT AND RECOMMENDATION
## OF UNITED STATE MAGISTRATE JUDGE

Movant Rigoberto Valdez-Villanueva, a federal inmate proceeding *pro se,* filed the above-

styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The motion was referred to the undersigned United States Magistrate Judge for findings of fact,

conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636

and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United

States Magistrate Judge.

## BACKGROUND

On December 4, 2009, the court sentenced Movant to 151 months' imprisonment after he

pleaded guilty to conspiracy to manufacture, distribute, dispense or possess with intent to

manufacture, distribute, or dispense a controlled substance, in violation of 21 U.S.C.§ 846. He did

not file a direct appeal. Movant asserts that he is entitled to relief based on a recent decision by the

United States Supreme Court.

## FEDERAL HABEAS CORPUS RELIEF

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different

from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

### RETROACTIVE APPLICATION OF *ALLEYNE V. UNITED STATES*

Movant claims that he is entitled to relief based on a recent decision by the United States Supreme Court in *Alleyne v. United States*, —U.S. —, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013). In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at 490, 120 S. Ct. at 2362-63. In *Alleyne*, the Supreme Court concluded that "the principle applied in *Appendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S. Ct. at 2163. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor that must be submitted to the submitted to the jury and found beyond a reasonable doubt. *Id.*

Assuming *Alleyne* is applicable to Movant's case, he cannot prevail. The Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 150 L. Ed.2d 632 (2001). The Supreme Court did not declare that the *Alleyne* rule applies retroactively on collateral review.

Furthermore, given that *Alleyn*e is an extension of *Apprendi*, which is not retroactive on collateral review, the Fifth Circuit has concluded that *Alleyne* does not retroactively apply to challenges to sentences on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Accordingly, Movant's motion should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the

motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to the claims raised.

## RECOMMENDATION

It is recommended that the above-styled motion for relief under 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

4

1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of April, 2015.**


_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE